## CARPENTER v. COFFEY. (No. 2643.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 29, 1922. Rehearing Denied Dec. 7, 1922.)

1. Sales ☞201(5)—Intention of parties to sale of cotton as to delivery and passing of title by delivery of compress company's receipts controls.

Where cotton was stored with a compress company at the time plaintiff was negotiating for its exchange for defendant's threshing machine outfit, if they intended the delivery of the compress company's receipts to operate as a delivery and to pass title thereto, it had that effect as between them.

2. Specific performance ☞123—Instruction to find for plaintiff regardless of where cotton was raised justified by plaintiff's theory of case.

Where the theory of plaintiff's action was that he was to deliver to defendant cotton for which defendant was to deliver machinery to him, and that defendant's agreement to take the cotton for the machinery was not conditioned that it had been grown at any particular time or place or was of any particular grade, an instruction, in action to compel performance of the contract by delivery of the machinery, that if it was believed the contract was as claimed by plaintiff to find for him, regardless of when and where the cotton was raised was not error.

3. Sales ☞201(5)—Intention that delivery of compress company's receipts should operate as a delivery of cotton not affected by fact of unpaid charges to company.

Where plaintiff agreed to deliver cotton which was stored with a compress company for which defendant was to deliver machinery to him and plaintiff delivered the company's receipts to defendant, if they intended that delivery of the receipts should operate as a delivery of the cotton as between themselves, the fact that there were unpaid charges against the cotton in favor of the compress company was no reason why delivery of the receipts should not have had the effect of delivery of the cotton.

4. Sales ☞201(5)—Title to cotton held to pass by transfer of compress company's receipts, although assignment was oral.

Title to cotton held to pass from seller to buyer, by delivery of compress company's receipts, although the transfer of the receipts was not evidenced by indorsement thereon or assignment thereof in writing; a verbal transfer thereof being as effective as a written one would have been.

Appeal from District Court, Hopkins County; Geo. B. Hall, Judge.

Suit by R. W. Coffey against R. L. Carpenter. From a judgment for plaintiff, defendant appeals. Affirmed.

---

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellant.

H. E. Pharr and Emmet Thornton, both of Sulphur Springs, for appellee.

WILLSON, C. J.   This was a suit by appellee to compel appellant to perform a verbal contract whereby, it was alleged, the latter agreed to sell and deliver to the former a threshing machine outfit, alleged to be of the value of $925. The appeal is from a judgment in appellee's favor for the machinery, or, "if said property cannot be had," it was recited, for the sum of $800, which the jury found to be the value of the property.

The main dispute between the parties was as to the terms of the contract. Appellee insisted that the contract was that he was to deliver appellant five bales of cotton weighing 2,468 pounds and pay him $11.84, for which appellant was to deliver the machinery to him. Appellant insisted that his undertaking to deliver the machinery was conditioned on appellee's delivering to him five bales of cotton of a grade that would then sell for 37 cents a pound. The testimony at the trial was conflicting. It warranted a finding that the contract was as appellee claimed it was, or a finding that it was as appellant claimed it was.

Another disputed issue between the parties was as to whether, if the contract was as appellee claimed it to be, he had performed his undertaking thereunder to deliver the five bales of cotton to appellant. It appeared from the testimony that the cotton was stored with a compress company at the time the parties were negotiating, and that appellee delivered the compress company's receipts for same to appellant. According to the face of the receipts, the cotton was to be delivered by the compress company on the "return of this certificate and payment of all charges." Appellant kept the receipts in his possession for 12 or more days, and then returned them to appellee by mail. A cotton buyer testified that, while appellant had possession of the tickets, he offered to sell the cotton to him. "He told me," the witness said, "it was cotton he had got from Mr. Coffey and he wanted to sell to me." On that occasion, the witness testified, he and appellant went to the compress, where the witness inspected the cotton and made appellant an offer for it.

The effect of the verdict and judgment was to determine the disputed issues referred to in appellee's favor.

The contentions presented in appellant's brief are: First, that the trial court erred in instructing the jury as he did in the first paragraph of his charge; and, second, that the testimony did not warrant the verdict and judgment.

In the paragraph of the charge referred to, the court instructed the jury, if they believed the contract was as claimed by appellee, and further believed that he delivered the compress receipts covering the cotton to appellant, and that appellant accepted same "in compliance with the agreement," and further believed "that thereupon it was agreed by and between plaintiff and defendant that said cotton was to become the property of defendant, and that said threshing machine and accessories was to become the property of plaintiff, and that said machinery was to be delivered to plaintiff in Sulphur Springs, Tex., and upon the delivery thereof plaintiff was to pay defendant for the difference in actual weight of said cotton and 2,500 pounds at the rate of 37 cents per pound," to find for appellee, "regardless of when and where said cotton was raised, the grade of said cotton, or whether or not there were any charges of any nature against said cotton."

[1-3] Appellant urges several reasons why he thinks the instruction was erroneous. First, he insists it was on the weight of the evidence because, as he construes it, the jury were told the delivery of the compress company's receipts to him was in legal effect a delivery of the cotton to him. But, evidently, in so construing the instruction appellant overlooked that part of it which told the jury that not only must they believe appellee delivered and appellant accepted the receipts as a compliance with the agreement, but must also believe "that thereupon it was agreed" between them that the "cotton was to become the property" of appellant and the threshing machine the property of appellee. Certainly if the parties intended the delivery of the receipts to operate as a delivery of the cotton, and to pass the title thereto in appellee to appellant, it had that effect as between them. 35 Cyc. 187, 193; 5 C. J. 900 et seq. Next, appellant insists it was error to tell the jury to find for appellee on the conditions stated in the instruction, "regardless of when and where the cotton was raised" and its grade. This insistence we think also appears to be without merit when the fact that the court was instructing the jury on appellee's theory of the case is kept in mind. According to appellee's testimony, appellant's agreement to take the cotton for the machinery was not conditioned that same had been grown at any particular time or at any particular place, or that it was of any particular grade. Finally, appellant insists it was error to tell the jury to find for appellee on the conditions specified in the instructions, "regardless of whether or not there were any charges of any nature" against the cotton. This insistence is based upon testimony showing that the compress company was not bound to deliver the cotton to the holder of the receipts until its charges were paid, and testimony showing that the charges to the date of the transaction between appellee and appellant were to be paid by the former and that he had not then paid same. But there

was no testimony indicating that either of the parties contemplated actual manual delivery of the cotton to appellant by appellee. On the contrary, the only fair inference from the testimony is that they contemplated the delivery thereof would be accomplished as between themselves when appellee delivered and appellant accepted the compress company's receipts therefor. In that state of the testimony, we are not prepared to say the instruction was erroneous in the respect specified. We are inclined to think it was correct; for if the parties intended that delivery of the receipts should operate as a delivery of the cotton, as between themselves, the fact that there were unpaid charges against it in favor of the compress company was not a reason why the delivery of the receipts should not have had that effect.

[4] The contention that the testimony did not warrant the verdict seems to be based mainly on the view that delivery of the receipts did not pass the title to the cotton and right to possession thereof to appellant because the transfer of the receipts was not evidenced by an endorsement thereon or assignment thereof in writing. The contention is not tenable. The verbal transfer of the cotton was as effective for all purposes as a written transfer thereof would have been. Jones on Pledges, §§ 299, 301; Compress, Co. v. Bank, 105 Tex. 44, 143 S. W. 1142, 144 S. W. 1130, Ann. Cas. 1914D, 1298. We have read and considered the testimony in the record, and are of the opinion it warranted conclusions the jury must have reached (1) that the contract was as appellee claimed it was, (2) that he complied with his undertaking under it to deliver the cotton to appellant, and (3) that appellant did not perform his undertaking under it to deliver the machinery.

The judgment is affirmed.